PENDLETON, President,
delivered the resolution of the court.
The objections are,
1. That the notice was improper, being given to the defendant as sheriff, and not as collector.
The court, however, decide that Mr. Winston, knew the character he acted in, waived the objection, if it was one, since his acknowledgment of notice admitted its propriety in form and substance.
2. That, as the sheriff is not officially obliged to collect the poor rates, without the appointment for that purpose by *the overseers of the poor, it should appear in the record that evidence was given of the appointment to charge the defendant.
This objection admits of two answers.
The first is, that the counsel mistakes the law, when he grounds his objection on the act of 1792, which empowers the overseers to appoint a collector: for that act was not in force in the year 1787. The laws then in force were two acts of assembly of 1785 and 1786; which do not authorize the overseers to appoint a collector of the poor rates; but they were, in their several districts, to adjust the claims of the poor, make a list of them, and return it to the clerk of the court, who was to deliver the lists to the collector of the public taxes; and he was to collect and account for the money, or be subject to a judgment upon motion.
The collectors of the public taxes were the sheriffs prima facie: and if they could not, or would not, give security, the courts were empowered to appoint collectors. If that had happened in the present case, it was incumbent on the defendant to have made the objection, when the records of the same court would have settled the fact. The silence therefore, is an admission that no such appointment had been made.
The other answer alluded to, is, that since no objection, that the evidence is defective, is stated on the record, we presume it was compleat to warrant the judgment, on the same principle that upon an appeal from a general verdict, when no evidence is stated, its sufficiency, to justify the verdict is presumed; the cases being in principle the same.
The third objection made by the counsel, that the permission to make dicounts was by consent of the plaintiffs only, and not *754 of both parties, seems to be a strange one.
X fancy, in true criticism, the term consent of one party, implies a proposition on the part of the other. But this court do not found their judgment on verbal criticisms. The thing was for the benefit of the defendant, and he cannot complain.
Judgment affirmed.